# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES S. TATE, JR., M.D.,

    Plaintiff,

v.

UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, *et al.*,

    Defendants.

Case No. 2:09-cv-01748-LDG (RJJ)

**ORDER**

    The plaintiff, James S. Tate, Jr., M.D., filed a first amended complaint, alleging four causes of action, against defendants University Medical Center of Southern Nevada ("UMC"), Steve Sisolak, Tom Collins, Larry Brown, Lawrence Weekly, Chris Giunchigliani, Susan Brager, and Rory Reid, in their official capacity as the Board of Trustees of UMC ("Trustees"), The Medical and Dental Staff of UMC ("Medical Staff"), John Ellerton, M.D., and Dale Carrison, M.D.  The defendants move to dismiss (#50) all claims alleged in the first amended complaint as to Carrison, and to dismiss the second, third, and fourth claims

as to defendants UMC, the Trustees, and Ellerton.[1]  Tate opposes the motion (#53), and defendants have replied (#56).  Accordingly, the motion is ripe for consideration.

Motion to Dismiss

The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3.d 895, 900 (9th Cir. 2007).

---

[1] The defendants also moved to dismiss Tate's prayer for punitive damages against the Medical Staff as to his §1983 claim.  Tate, however, has moved for leave to amend his complaint (#57), indicating that the sole alteration is the elimination of an allegation, asserted in ¶11 of the First Amended Complaint, that the Medical Staff is a subdivision of UMC.  In response (#58), the defendants indicate that they do not oppose the amendment and note that the proposed amendment affects only their argument regarding the availability of punitive damages against the Medical Staff.  Accordingly, the Court will consider, as withdrawn, the defendants' argument regarding the availability of punitive damages as against the Medical Staff.  Further, as the defendants have not opposed the proposed modification, the Court will grant leave to Tate to file a Second Amended Complaint that includes the proposed modification and that is otherwise consistent with this Order.

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.,* (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.,* at 567.

Factual Background

The Court summarized the factual background in granting defendants' motion to dismiss and dismissing most of the original complaint without prejudice. The Court will not repeat that summary.

Claims against Carrison

Tate added Carrison as a defendant in his amended complaint, alleging only that Carrison is currently the Chief of Staff of Medical Staff and, as such, is named a defendant in his official capacity. The defendants argue that the addition of Carrison is both untimely and futile, as Tate has not actually alleged any misconduct by Carrison supporting a claim for relief.

Tate responds by noting that he added Carrison in his official capacity as the Chief of Staff of Medical Staff due to uncertainty under Nevada law whether a suit can be brought

directly against an unincorporated association, such as Medical Staff, or whether suit must be brought against representatives of the unincorporated association who will adequately and fairly defend the interests of the association.  Thus, he acknowledges that he has named as defendants both Medical Staff and Carrison as a representative of Medical Staff, to be certain that he has properly brought suit against Medical Staff.  Tate further notes that he does not object to the dismissal of Carrison if the defendants concede that naming Carrison as a defendant is unnecessary to bringing suit against Medical Staff.

The defendants acknowledge that, pursuant to Rule 17(b)(3)(A), Medical Staff may be sued in its common name as to Tate's §1983 claim.  Accordingly, the Court will dismiss Carrison as a defendant to Tate's §1983 claim.

The defendants also acknowledge that Nevada law is "less clear" as to whether Tate is able to sue Medical Staff by its common name as to his remaining state law claims. Accordingly, as it may be necessary under Nevada law that Carrison be named as a defendant in his representative capacity of Medical Staff as to Tate's remaining state law claims, the Court will deny defendant's motion to dismiss Carrison as to Tate's state law claims.

The Court would note that Tate's arguments as to his reasons for bringing suit against Carrison in his official capacity establish that his suit must be dismissed as against Ellerton, to the extent that he named Ellerton as a defendant in his official capacity.  Tate both alleges and acknowledges that Ellerton is no longer the Chief of Staff of Medical Staff. Accordingly, the Court will dismiss Ellerton to the extent he is sued in his official capacity.

<u>Contract Claims against UMC and the Trustees</u>

In his amended complaint, Tate alleges that he applied for privileges and that in his application he agreed to be bound by the terms of the Bylaws and other governing documents (collectively, Bylaws) of the Medical Staff.  He further alleges that UMC and the

Trustees approved his application for privileges, and by so approving, each entered into a contract with him.

In moving to dismiss, the defendants argue that this Court previously reviewed the Bylaws and determined that the Bylaws do not impose a contractual obligation on any defendant other than perhaps Medical Staff. The defendants further note that UMC and the Trustees are not parties to the Bylaws. While the defendants acknowledge that Tate alleged that the approval of his application for privileges by UMC and the Trustees created a contract, they dismiss this as a "logical sleight of hand," and reiterate that neither UMC nor the Trustees are parties to the Bylaws.

Tate's allegation that UMC and the Trustees entered into a contract with him by approving his application for privileges is not a logical sleight of hand. Rather, Tate has asserted new and distinct allegations, such that his contract claim does not rest upon whether UMC or the Trustees are parties to the Bylaws. As the defendants' motion rests upon the Court's review of Tate's original allegations, rather than any analysis or argument as to Tate's new allegations in his amended complaint, the motion is without merit.

The Court would note that, in their reply, the defendants raise the issue whether Tate could have entered into a contract with the Trustees, as the Trustees were acting on behalf of UMC. At this time, the Court need not address the issue. Tate alleged facts permitting an inference that he entered into a contract with the Trustees. Whether the Trustees can defeat that claim by offering evidence that they were acting on behalf of UMC, and whether Tate can offer evidence that the Trustees were not acting on behalf of UMC, are matters properly reserved for summary judgment.

Contract Claims against Ellerton

In contrast to his contract with UMC and the Trustees, Tate's allegations in his amended complaint are insufficient to permit an inference that he entered into a contract with Ellerton. Tate alleges that he applied for membership in Medical Staff, and that

1  Medical Staff approved his application.  He further alleges that Ellerton applied for
2  membership in Medical Staff, and that Medical Staff approved Ellerton's application.
3  Assuming that Tate has adequately alleged that both he and Ellerton entered into contracts
4  with Medical Staff, he has not offered any Nevada authority[2] suggesting that these
5  contracts between the unincorporated association and two of its members somehow gave
6  rise to a separate and distinct contract between those two individual members of the
7  association.  Accordingly, the Court will dismiss Tate's contract claims against Ellerton.

Negligence Per Se

9  The defendants argue that Tate's negligence claim must be dismissed as to UMC,
10 the Trustees, and Ellerton as Tate has not alleged a duty of care established by the
11 violation of a statute.  Tate responds that the Supreme Court has recognized that a claim
12 for negligence per se can rest upon the violation of a building code adopted by local
13 ordinance, when the injured party fits within the class of persons intended to be protected
14 by the building code, and the injury is of the type intended to be prevented by the building
15 code.  *See, Vega v. Eastern Courtyard, Assoc.*, 117 Nev. 436 (2001).  While
16 acknowledging that this case does not concern the violation of a building code, Tate argues
17 that it does involve the Clark County Commissioners acting as the Defendant Board of
18 Trustees approving the Medical Staff's Bylaws.  Tate's argument emphasizes that the
19 Bylaws were not promulgated by the Clark County Commissioners acting in their role as
20 Commissioners for Clark County, enacting a local ordinance generally applicable to Clark
21 County.  Rather, as pointed out by Tate, the Bylaws were adopted by the Commissioners
22 acting in the ex officio capacity as the Board of Trustees for UMC.  Tate has not alleged the
23 violation of an independent duty established by statute, regardless of whether that statute

---

[2] Tate's citations to decisions from other jurisdictions are less than compelling in suggesting that the contract between an unincorporated association and each of its members constitutes or creates a binding contract <u>between</u> individual members separate from the contract between the association and the members.

6

is local to Clark County or is general to Nevada. Accordingly, the Court will dismiss his claim for negligence as to UMC, the Trustees, and Ellerton.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#50) is GRANTED in part and DENIED in part as follows:

Plaintiff's First Claim for Relief is DISMISSED with prejudice as to Defendant Dale Carrison, M.D.;

Plaintiff's Complaint is DISMISSED with prejudice as to Defendant John Ellerton, M.D. in his official capacity;

Plaintiff's Second and Third Causes of Action are DISMISSED with prejudice as to Defendant John Ellerton in his individual capacity;

Plaintiff's Fourth Cause of Action is DISMISSED with prejudice as to Defendants UMC, Trustees, and John Ellerton, M.D.

THE COURT **ORDERS** that James S. Tate's Motion for Leave to Amend to file a Second Amended Complaint (#57) is GRANTED as follows: Plaintiff is granted leave to file a Second Amended Complaint that (a) modifies ¶11 of the First Amended Complaint consistent with the representations of the Plaintiff in his motion, and (b) that is otherwise consistent with this Order.

DATED this ___16___ day of September, 2011.

_____
Lloyd D. George
United States District Judge