JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
MICHAEL K. NAETHE, ESQ.
Nevada State Bar No. 11222
LAW OFFICE OF JACOB HAFTER & ASSOCIATES
7201 West Lake Mead Blvd, Suite 210
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Attorneys for Plaintiff
JAMES S. TATE, M.D.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES S. TATE, JR., M.D.,<br><br>      Plaintiff,<br><br>vs.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA et. al<br><br>      Defendants. | Case No.: 2:09-cv-01748-LDG-RJJ<br><br>**STIPULATION AND ORDER FOR AGREED PROTECTIVE ORDER** |

## STIPULATION AND ORDER FOR AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action hereby stipulate and agree as follows:

1. This Protective Order shall apply to any information, document, or thing that is subject to discovery in this action, and which is believed in good faith by the party producing the information, document, or thing to: (1) contain material that is subject to protection under Rule 26(c)(1), including but not limited to trade secrets, financial information, confidential health information protected by PL 104-191, the Health Insurance Portability and



1

Accountability Act, and similar materials, and (2) is owned or controlled by a party, or is owned or controlled by a third party who elects or is ordered to provide discovery in this action under the terms and conditions of this Protective Order (hereinafter "CONFIDENTIAL MATERIAL(S)").  As used herein, any references to "party" and "third party" refer to and mean, unless otherwise specified, a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, subsidiary, affiliate, parent company, any other form of business organization or arrangement, or government agency of any nature or type, and includes the party's or third party's employees, directors, shareholders, agents, representatives, attorneys, accountant and all persons acting or purporting to act on their behalf. CONFIDENTIAL MATERIALS may include, without limitation, testimony adduced at depositions upon oral examination pursuant to FRCP 30, written responses to interrogatories pursuant to FRCP 33, documents produced pursuant to FRCP 34, answers to requests for admission pursuant to FRCP 36, information and documents produced pursuant to FRCP 26(a), and testimony, documents, and things provided pursuant to FRCP 45.  CONFIDENTIAL MATERIALS may include all information, documents, and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries, or abstracts of the foregoing.

2. A party to this matter or a third-party from whom discovery is sought may, prior to producing information, documents, or things, designate the information, documents, or things as a CONFIDENTIAL MATERIALS by marking each page of the document with the word "CONFIDENTIAL."  Documents that contain CONFIDENTIAL MATERIALS shall be Bates stamped by the producing party.  If a party produces CONFIDENTIAL MATERIALS without designating them as CONFIDENTIAL, but later determines that the material should be



7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

so designated, or inadvertently fails to mark materials as CONFIDENTIAL, the party may designate such materials as CONFIDENTIAL within thirty (30) days thereafter. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked CONFIDENTIAL. Within five (5) days of receipt of the substitute copies, the party to whom the CONFIDENTIAL MATERIALS are produced shall return the previously unmarked materials and all copies thereof. A party's failure to have designated the material as CONFIDENTIAL when originally produced shall not amount to a waiver of the party's right to designate material as CONFIDENTIAL, although another party may still dispute the designation under the procedure provided for in this Protective Order.

3. All CONFIDENTIAL MATERIALS produced in this action shall be kept confidential and shall not be disclosed to anyone except as provided herein or as further ordered by the Court, or as otherwise agreed to by the parties.

4. If the parties cannot agree on a CONFIDENTIAL designation for any document, the objecting party must give written notice to the other party. The party making the challenged designation shall (a) have twenty-one (21) days from the receipt of such notice to bring the dispute to the Court's attention by motion, letter or conference, and (b) bear the initial burden of establishing the confidentiality of any disputed document. If the party making the designation fails to act within the time period set forth in this Paragraph 4, the designation shall be removed. If the party making the designation acts within the stated time period, the parties will be bound by the Court's determination of the issue. Until such determination has been made, the parties shall treat any disputed document as CONFIDENTIAL.

5. Except as otherwise provided herein, the parties shall maintain in a secure manner all CONFIDENTIAL MATERIALS and shall not disclosure any CONFIDENTIAL
3

MATERIALS to anyone other than: (a) courts of law in this proceeding; (b) the parties to this action; (c) counsel of record in this action and in-house counsel for the parties, including counsels' employees, agents, third-party document handling services specifically retained for the purpose of this litigation, and supervisors of counsel of record and in-house counsel; (d) court personnel, court reporters and videographers; and, (e) experts, consultants or investigators employed by the parties or counsel for the parties to assist in preparing for and conducting this litigation, including discovery, other pre-trial proceedings, trial, appeal or settlement, but only if, before disclosure the expert, consultant, or investigator is informed of this Order and executes the written Consent attached as Exhibit A hereto. Any such disclosure shall be done in accordance with this Agreement.

6. A party who intends to use CONFIDENTIAL MATERIALS in an in-court proceeding in this action shall provide the producer with sufficient advance notice to afford the producer a reasonable opportunity to object to the use of such information. For purposes of using such documents or information at trial, the inclusion of a document containing CONFIDENTIAL INFORMATION on a party's pre-trial exhibit list shall satisfy this notice requirement. In addition, provisions of Paragraph 10 herein shall apply to CONFIDENTIAL MATERIALS to be filed with the Court.

7. Notwithstanding the provisions of Paragraph 5, counsel for any party may also disclose CONFIDENTIAL MATERIALS to any person who authored those documents or to any person who was in receipt of the document prior to its production in this matter. In addition, notwithstanding the provisions of Paragraph 5, CONFIDENTIAL MATERIALS may be disclosed to deposition witnesses as follows: a party desiring to show another party's CONFIDENTIAL MATERIALS during a deposition to any witness not listed in Paragraph 4

4

above, or any witness who is not an author or prior recipient of the CONFIDENTIAL MATERIALS, shall first advise the party that produced the CONFIDENTIAL MATERIALS of such intent.  If the producing party agrees, the CONFIDENTIAL MATERIALS may be disclosed provided the witness executes the form Consent attached hereto as Exhibit A.  If the producing party objects to the disclosure of such documents to the deposition witness, the matter shall be submitted to the Court by the party seeking to disclose said information.

8. Any person who makes a disclosure permitted by this Protective Order shall advise the person(s) to whom such disclosure is made of the obligations imposed by this Protective Order and provide the person(s) with a copy of this Protective Order.

9. In the case of depositions upon oral examination, if counsel for a party or third party believes that a question or answer constitutes CONFIDENTIAL MATERIAL, counsel shall so state on the record.  Counsel who considers all or parts of a deposition transcript to be CONFIDENTIAL shall so designate the applicable portion of the deposition transcript within twenty-one (21) days of receipt of the transcript and shall forward that designation to opposing counsel and the court reporter.  All depositions shall be treated as CONFIDENTIAL for a period of twenty-one (21) days after the transcript of those depositions are received by the parties.

10. Any filing made with the Clerk of the Court, as such filing may be required or permitted by the local rules of this Court, or any other submissions to the Court, which contains or has attached to it CONFIDENTIAL MATERIALS, shall be treated as follows:

(a) CONFIDENTIAL MATERIALS in the form of attachments to summary judgment or dispositive motions, or documents that are identified in the joint pretrial order, may be filed under seal only after the Court orders that such documents may be sealed because "compelling

reasons" exist to seal them.  *See Kamakana v. City and County of Honolulu*, 447 F. 3d 1172 (9th Cir. 2006). Any party seeking to seal an attachment to a motion for summary judgment or other dispositive motion filed with the court, or documents that are identified in the joint pretrial order, shall file a Motion to File Documents Under Seal with the Court, which motion must include a memorandum of points and authorities that presents articulable facts identifying the interests favoring continuing the secrecy of the attachments, and shows that these specific interests outweigh the public's interests in disclosure sufficient to overcome the presumption of public access to dispositive pleadings and attachments.  *See id.*  Only after the Court grants the motion to seal, may the CONFIDENTIAL MATERIALS be filed with the Court under seal.

(b)  CONFIDENTIAL MATERIALS that are not being submitted to the Court as part of a summary judgment or other dispositive motion, or as part of a joint pretrial order, may be filed under seal without first seeking a further order to seal from the Court.  Such documents may be filed under seal pursuant to this protective order.

(c)  CONFIDENTIAL MATERIALS that are submitted to the Court for *in camera* review shall be submitted in accordance with LR 10-5, i.e., material will be submitted in an envelope that bears a captioned cover sheet marked "For in camera review only."  When the Court has completed its review of such materials, they will be returned to the party that submitted them.

11.    Any CONFIDENTIAL MATERIALS may be used in any deposition taken of the producing party or its employees, or otherwise used in any deposition with the written consent of the party that produced such CONFIDENTIAL MATERIALS, subject to the condition that when such CONFIDENTIAL MATERIALS are so used, the party who made the designation may notify the reporter that the portion of the deposition involving such

CONFIDENTIAL MATERIALS is being taken pursuant to this Order. Further, whenever any CONFIDENTIAL MATERIALS are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such CONFIDENTIAL MATERIALS pursuant to the terms of this Order.

12. No person who obtains CONFIDENTIAL MATERIALS in the course of this litigation shall use such CONFIDENTIAL MATERIALS for commercial benefit or for any purpose other than for purposes of this litigation, including discovery, hearings, preparation for settlement conferences, trial preparation, trial, and any appellate proceedings.

13. The restrictions on use of CONFIDENTIAL MATERIALS set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

14. Following conclusion of the trial, settlement, or any dismissal of this case all documents subject to this Protective Order (other than documents retained by the Court) shall be returned to the counsel for the party that produced them or counsel for the requesting party shall certify, in writing, to the producing party that the documents subject to this Protective Order have been destroyed.

15. Nothing in this Protective Order limits the parties' right to seek modification of this Protective Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for the other good cause shown.

16. Nothing in this Protective Order shall be deemed to preclude a party's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order, or (b) object on any ground to the admission of any confidential material into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to

contest the alleged relevancy, admissibility, or discoverability of the confidential material sought.

17.     This Protective Order is subject to further order of the Court.

IT IS SO STIPULATED:

| DATED this 20th day of April, 2012. | DATED this 20th day of April, 2012. |
|---|---|
| LAW OFFICE OF JACOB HAFTER & ASSOCIATES | LEWIS AND ROCA, LLP |
| By: /s/ Jacob L. Hafter | By: /s/ Lisa Wong Lackland |
| Jacob L. Hafter, Esq.<br>Nevada Bar No. 9303<br>Michael K. Naethe, Esq.<br>Nevada Bar No. 11222<br>7201 W. Lake Mead Blvd., Suite 210<br>Las Vegas, Nevada 89128<br>*Attorneys for Plaintiff* | Thomas G. Ryan, Esq.<br>Nevada Bar No. 9378<br>Lisa Wong Lackland, Esq.<br>Nevada Bar No. 9934<br>Emily Gubler Clark, Esq.<br>Nevada Bar No. 10547<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>*Attorneys for Defendants* |

**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: April 23, 2012

EXHIBIT A

ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My address is: _____.

2. My present employer is _____.

3. My present occupation or job description is

   _____

   _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in Case No. 2:09-cv-01748-LDG-RJJ pending in the United States District Court, District of Nevada (the "Court").  I agree that I will not disclose any documents or information received by me pursuant to the Order, except for purposes directly related to this litigation, as explicitly allowed by said Protective Order, and I agree to be bound by the terms and conditions of this Order unless and until modified by further order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this Order.  I understand that I am to retain all copies of any of the materials I receive which have been labeled as Confidential Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____                    _____