# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES S. TATE, JR., M.D.,

    Plaintiff,

v.

UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, *et al.*,

    Defendants.

Case No. 2:09-cv-01748-LDG (NJK)

**ORDER**

    The defendants, the University Medical Center of Southern Nevada, its Board of Trustees, and the Medical Staff, have again moved for summary judgment (#140), which motion the plaintiff, James S. Tate, opposes (#151). The motion seeks summary judgment as to both of the remaining claims: Tate's 42 U.S.C. §1983 claim that the defendants violated his procedural due process rights, breach of contract, and breach of the covenant of good faith and fair dealing. In their motion, the defendants argue that they are immune from damages pursuant to the Health Care Quality Improvement Act of 1986 (HCQIA), that suing the Trustees is redundant as UMC is already named as a defendant, and that the Medical Staff cannot be held liable for damages for the breach of contract claim. Having again considered the pleadings, the arguments of the parties, and admissible evidence in

the record, the Court finds that the HCQIA does not provide immunity from monetary damages to the defendants as to Tate's §1983 claim but does grant them immunity as to the remaining contract claims, that the suit against the Trustees is redundant of the suit against UMC, and that the Medical Staff cannot be held liable for the contract claims.

<u>Motion for Summary Judgment</u>

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot " 'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.' " *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

HCQIA Immunity

As summarized by the Ninth Circuit:

> HCQIA was designed both to provide for effective peer review and interstate monitoring of incompetent physicians and to grant qualified immunity from damages for those who participate in peer review activities.

3

*See* 42 U.S.C. § 11101.  In furtherance of the latter goal, HCQIA provides that, if a "professional review action" (as defined in HCQIA) meets certain due process and fairness requirements, then those participating in such review "shall not be liable in damages under any law of the United States or of any State (or political subdivision) with respect to the action."  42 U.S.C. § 11111.

*Austin v. McNamara*, 979 F.2d 728, 733 (9th Cir. 1992).

<u>Timeliness of Motion</u>

Tate argues that the Court should reject the defendant's motion as untimely.  As noted by the Ninth Circuit, however, "[t]he House Report on HCQIA stated that '[t]he Committee intends that these provisions allow defendants to file motions to resolve the issue of immunity in as expeditious a manner as possible.'"  *Id.* at 734, fn.5.  Though the time has passed for filing pre-trial dispositive motions, the defendants could still timely assert HCQIA immunity prior to this matter being submitted to the jury pursuant to Rule 50.  Rather than requiring the defendants to await the commencement of trial to file their motion, it would appear that a pre-trial resolution of the issue of immunity best serves the purpose of resolving the issue in as expeditious a manner as possible.  Accordingly, the Court will not deny the motion as untimely.

<u>Applicability of HCQIA Immunity to §1983 Claim</u>

The HCQIA expressly provides that the grant of immunity "shall not apply to damages under any law of the United States or any State relating to the civil rights of any person or persons, including the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*. and the Civil Rights Acts, 42 U.S.C. 1981, *et seq*."  Though not necessary to its decision in *Austin*, the Ninth Circuit asserted that this sentence excluded immunity coverage for "suits brought under 42 U.S.C. §1983."  *Id*., at 733.  The defendants indicate, correctly, that the Ninth Circuit's statement is dicta asserted without any discussion.  They further argue that the exclusion of immunity for civil rights suits alleging discrimination is necessary and consistent with the purposes of HCQIA.  Inherent to the HCQIA, by contrast, is a requirement to provide reasonable due process and thus consideration of HCQIA immunity

4

will serve to protect a due process claim under §1983. As such, allowing a §1983 due process claim serves as an end-run around HCQIA immunity.

While the defendant's argument has appeal, it is contrary to the language of HCQIA which precludes application of immunity for damages brought "under any law of the United States . . . relating to the civil rights of any person or persons." A claim brought pursuant to §1983 alleging a violation of procedural due process rights is a claim for damages brought under a law of the United States relating to the civil rights of a person. While a §1983 claim alleging a violation of procedural due process rights may serve to end-run HCQIA immunity, it is an end-run that Congress created. The defendants are not entitled to HCQIA immunity for Tate's §1983 claim.

<u>Professional Review Action</u>

As defined by the HCQIA:

> The term "professional review action" means an action or recommendation of a professional review body which is taken or made in the conduct of professional review activity, which is based on the competence or professional conduct of an individual physician (which conduct affects or could affect adversely the health or welfare of a patient or patients), and which affects (or may affect) adversely the clinical privileges, or membership in a professional society, of the physician. Such term includes a formal decision of a professional review body not to take an action or make a recommendation described in the previous sentence and also includes professional review activities relating to a professional review action.

42 U.S.C. §11151(9). The HCQIA further defines "professional review activity" as meaning "an activity of a health care entity with respect to an individual physician--(A) to determine whether the physician may have clinical privileges with respect to, or membership in, the entity, (B) to determine the scope or conditions of such privileges or membership, or (C) to change or modify such privileges or membership." 42 U.S.C. §11151(10). Also defined by the HCQIA is the term "adversely affecting," which "includes reducing, restricting, suspending, revoking, denying, or failing to renew clinical privileges or membership in a health care entity." 42 U.S.C. §11151(1).

5

Tate argues that the defendants have failed to identify, and have instead conceded, that a professional review action was not taken, and therefore HCQIA immunity cannot apply. The Court must note that, while it agrees with Tate's assessment that the lack of a professional review action establishes that HCQIA immunity does not apply, it is nevertheless perplexed by the argument in the context of the present case. Tate brought this suit alleging that the defendants terminated his appointment. That is, to succeed on his claims, Tate has the burden of establishing facts that will also necessarily establish that the defendants took an adverse professional review action against him. If the Court were to accept Tate's argument and find the defendants are not entitled to HCQIA immunity because they did not take a professional review action, the Court would be further required to dismiss all of Tate's claims for the same reason: the defendants did not engage in conduct necessary to his claims.

In *Smith v. Ricks*, 31 F.3d 1478, 1485 (9th Cir. 1994), the Ninth Circuit stated that, to be entitled to immunity, a defendant must demonstrate: "(1) its professional review actions complied with the fairness standards set out in 42 U.S.C. § 11112(a); (2) it reported the results of the professional review action to state authorities in compliance with §§ 11131–34; and (3) the professional review actions commenced on or after November 14, 1986, the effective date of the HCQIA."

As do the parties, the Court addresses these requirements in reverse order. First, Tate concedes that all issues in this case arose after the effective date of HCQIA.

Second, Tate argues that, as the defendants did not report an action, they cannot obtain immunity. The requirement, however, is that the defendants report the result of the action in compliance with §11131-34. As relevant to the defendants, the reporting requirement is set forth at §11133 and requires the reporting of a professional review action that adversely affects clinical privileges for a period of longer than 30 days. As such, contrary to Tate's conclusory assertion, the non-reporting of a professional review action

6

that does not adversely affect clinical privileges for a period longer than 30 days is in compliance with the statute.

The defendants argue that, as they did not take an *adverse* action, they were not required to report any action. The defendants are correct that, if they did not take an adverse action, the non-report of the action would be in compliance with §11133.

The defendants' argument fails, however, because a material dispute of fact exists whether the defendant voluntarily resigned. Just as this material dispute creates a material dispute whether Tate was deprived of protected property interest without procedural due process, and creates a material dispute whether his privileges and membership were terminated in violation of the bylaws, this material dispute also precludes a determination that the professional review action was not adverse. This material dispute whether Tate voluntarily resigned not only requires the Court to assume (for purposes of this motion) that Tate can establish his claims (and thus establish the defendants took a professional review action), it further requires the Court to assume that the professional review action was adverse. Stated otherwise, while the defendants argue that the undisputed facts establish the professional review action was not adverse, the Ninth Circuit's conclusion that a material dispute exists whether Tate voluntarily resigned requires the finding that a material dispute exists whether the professional review action was adverse.

The defendants have not shown that they are entitled to immunity if their actions against Tate constituted an adverse professional review action. Consideration of their motion for immunity, however, requires the Court to assume that their conduct constituted an adverse professional review action. Accordingly, the Court finds that they are not entitled to HCQIA immunity.

<u>Trustees as Defendants</u>

Because UMC is a defendant, Tate's naming of the Trustees in their official capacity is superfluous. Tate sued the individual Trustees in their "ex officio" capacity, as opposed

to individual, capacity. Accordingly, Tate's suit against the Trustees is simply a suit against the entity itself–UMC. *See Kentucky v. Graham*, 473 U.S. 159, 165 - 66, 105 S.Ct. 3099, 87 L. Ed.2d 114 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.") (internal citations and quotations omitted, emphasis in original); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("[A] suit against a state official in his official capacity is no different from a suit against the State itself.").

Tate argues that he should be permitted to maintain his suit against the Trustees as he is seeking punitive damages. Absent from his argument, however, is any reference to any allegation of his complaint that would support a claim of punitive damages against any individual trustee. Rather, a review of Tate's Second Amended Complaint establishes that his allegations against the Trustees are consistent with the capacity in which he named them: "in their ex officio capacity as the Board of Trustees of University Medical Center of Southern Nevada."

Because Tate named UMC as a defendant, his suit against the Trustees in their official capacity as the Board of Trustees of UMC is redundant of his suit against UMC. The Court will dismiss the Trustees.

Liability of Medical Staff

The defendants have, out of an apparent abundance of caution, sought a determination that the Medical Staff is not amenable to suit on Tate's breach of contract claims. (The Ninth Circuit affirmed that the Medical Staff is not amenable to suit on Tate's §1983 claims.) Tate has not offered any argument in opposition suggesting that he can

maintain his contract claims against the Medical Staff. Accordingly, the Court formally determines that Tate's contract claims against the Medical Staff are dismissed.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion for Summary Judgment (#140) is GRANTED in part and DENIED in part as follows:

1) Defendants Steve Sisolak, Tom Collins, Larry Brown, Lawrence Weekly, Chris Giunchigliani, Susan Brager, and Rory Reid, in their ex officio capacity as the Board of Trustees of University Medical Center of Southern Nevada, are DISMISSED;

2) Defendant The Medical and Dental Staff of UMC is DISMISSED;

3) The only remaining defendant in this action, University Medical Center of Southern Nevada, is not entitled to immunity pursuant to the Health Care Quality Improvement Action as to any of plaintiff James Tate's remaining claims.

DATED this 4th day of November, 2015.

_____
Lloyd D. George
United States District Judge