UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James S. Tate, Jr., M.D.,<br><br>　　Plaintiff<br><br>vs.<br><br>University Medical Center of Southern Nevada, et al.,<br><br>　　Defendants | 2:09-cv-1748-JAD-NJK<br><br>**Order** |

This case was scheduled for a November 16, 2015, trial before the Hon. Lloyd D. George, but the trial was vacated—and the case was stayed—due to a pending Ninth Circuit appeal.[1] That appeal was dismissed on November 17, 2015, and Judge George lifted the stay before this case was transferred to me on December 1, 2015.[2]

There are 24 motions pending in this case:

- 10 motions in limine[3];
- 7 motions to file replies in support of motions in limine[4];
- 2 challenges to dispositive rulings[5];
- a motion to amend[6];
- a motion to disqualify trial counsel;[7] and

---

[1] *See* ECF 217.

[2] *See* ECF 222, 225.

[3] ECF 164–169; 171–174.

[4] ECF 197, 199, 227, 229, 231, 233, 235.

[5] ECF 220, 223.

[6] ECF 224.

[7] ECF 146.

1      •      various discovery-related motions.[8]

This order is intended to streamline the matters remaining for resolution and establish a schedule for moving towards trial.

### A.     Joint Pretrial Order

Because the trial has been vacated, a new joint pretrial order is necessary to assist me in scheduling the trial of this case. But the pendency of several motions complicate that scheduling effort: a motion to disqualify Mr. Hafter from participating as trial counsel [ECF 146], a motion to strike defendants' supplement to initial disclosures [ECF 149], a motion to strike Judge George's order granting partial summary judgment (which is effectively a motion for reconsideration) [ECF 220], a request to reconsider a portion of a 2013 summary-judgment order [ECF 223], and a motion to amend the complaint three and a half years after discovery closed [ECF 224]. Many of these motions are so new that they have not yet been fully briefed. And the resolution of these motions has the potential to significantly impact the contents of the pretrial order and the length of trial. Because it makes no judicially economical sense to prepare a joint pretrial order or set this trial before these motions are decided, the new joint pretrial order will be due 30 days after the last of these motions has been resolved. The parties must comply with the local rule for joint pretrial motions. *See* L.R. 16-3; 16-4.

### B.     Motions in Limine

With no pending trial date and the potential that the landscape of this case may be altered by the motions identified in section A above, it would be imprudent for me to resolve the pending motions in limine at this time. So all of the pending motions in limine [ECF 164–169; 171–174] are denied without prejudice to their refiling 30 days before the rescheduled trial date, and the motions to file replies in support of those motions in limine [ECF 197, 199, 227, 229, 231, 233, 235] are denied as moot.

The parties are cautioned that the process for preparing and filing motions in limine will be governed by the following additional rules and considerations:

---

[8] ECF 147, 148, 149.

- **Before any motion in limine is filed, the parties must meet and confer** (by telephone or in person—not merely by email or some other form of writing) about the substance of each contemplated in-limine issue and attempt to reach an agreement on the issue.  Evidentiary agreements reached during this process should be memorialized by a written stipulation.  If the parties do not reach an agreement on an issue and a motion in limine remains necessary, **the motion must be accompanied by a declaration or affidavit certifying that counsel actually conferred in good faith** to resolve the issue before the motion was filed (or re-filed).  The failure to include the certificate of counsel will result in the automatic denial of the motion without the opportunity to cure this deficiency.

- Motions in limine must address only true evidentiary issues and not be belated motions for dispositive rulings disguised as a motion in limine.[9]

- Parties **must include all in-limine issues in a SINGLE, omnibus motion** that numbers each issue consecutively; no party may file multiple, separate motions.  This format eliminates the need for redundant recitations of facts and introductory statements of the law.  If the size of the omnibus motion exceeds the page limit in the local rule, *see* L.R. 7-4, a separate motion to exceed the page limits should be filed contemporaneously with the omnibus motion; the motion to exceed page limits must **not** be styled as an "emergency."

- If it becomes necessary to seek leave to file a reply in support of the motions, *see* L.R. 16-3(b), each side may file only a single request for leave.  The parties should not presume that the court will grant these requests for leave, so proposed orders granting them should not be submitted.

- The parties are cautioned that vague requests based on speculative issues, like requests to generally preclude improper attorney arguments, violations of the golden

---

[9] For example, upon a quick review, it appears that defendants' motion in limine 7 regarding damages [ECF 171] may very well be an impermissibly late motion for summary judgment.

rule, or irrelevant evidence will be flatly denied. The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same. Motions seeking little more than an order enforcing a rule waste the court's time and the parties' resources. Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys.

### C. Referral of Matters to the Magistrate Judge

I refer to Magistrate Judge Nancy J. Koppe under Local Rule IB 1-3, 1-4, and 1-9, and 28 U.S.C. § 636 the following motions: Defendants' Motion to Disqualify Jacob Hafter, Esq. as Trial Counsel [ECF 146]; Plaintiff's Motion to Quash Trial Subpoena [ECF 147]; Plaintiff's Motion for Sanctions [ECF 148]; and Plaintiff's Motion to Strike Defendants' Untimely Discovery Disclosures [ECF 149].

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **a new Joint Pretrial Order will be due 30 days after the court enters an order deciding the motions filed at ECF 146, 149, 220, 223, and 224**;

IT IS FURTHER ORDERED that all pending motions in limine **[ECF 164, 165, 166, 167, 168, 169, 171, 172, 173, 174]** and the pending motions to file replies in support of those motions in limine **[ECF 197, 199, 227, 229, 231, 233, 235] are DENIED** without prejudice to their refiling consistent with the instructions above;

IT IS FURTHER ORDERED that Defendants' Motion to Disqualify Jacob Hafter, Esq. as Trial Counsel; Plaintiff's Motion to Quash Trial Subpoena; Plaintiff's Motion for Sanctions; and Plaintiff's Motion to Strike Defendants' Untimely Discovery Disclosures **[ECF 146, 147, 148, 149] are referred to Magistrate Judge Nancy J. Koppe** under Local Rule IB 1-3, 1-4, and 1-9, and 28 U.S.C. § 636.

Dated this 4th day of December, 2015.

_____
Jennifer A. Dorsey
United States District Judge