UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES S. TATE, JR., ) | |
| ) | Case No. 2:09-cv-01748-JAD-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket Nos. 146, 147, 148) |
| UNIVERSITY MEDICAL CENTER OF ) | |
| SOUTHERN NEVADA, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Pending before the Court are various motions related to the potential trial testimony of Plaintiff's attorney, Jacob Hafter. First, Defendants filed a motion to disqualify Mr. Hafter as counsel. Docket No. 146. Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 155, 158. Second, Plaintiff filed a motion to quash the trial subpoena served on Mr. Hafter. Docket No. 147. Defendants filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 156, 157. Third, Plaintiff moved for sanctions. Docket No. 148. These motions have been referred to the undersigned magistrate judge. *See* Docket No. 237 at 4. The Court finds the motions properly resolved without oral argument. *See* Local Rule 78-2.

For the reasons discussed more fully below, the motion to disqualify is **DENIED** without prejudice, the motion to quash the trial subpoena is **DENIED** without prejudice, and the motion for sanctions is **DENIED**.

//

//

I.  **STANDARDS**

    A.  <u>Motion to Disqualify Counsel</u>

Whether an attorney should be disqualified is an issue of state law. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). In pertinent part, the Nevada Rules of Professional Conduct provide that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>     (1) The testimony relates to an uncontested issue;
>
>     (2) The testimony relates to the nature and value of the legal services rendered to the case; or
>
>     (3) Disqualification of the lawyer would work substantial hardship on the client.

Nev. R. Prof. Con. 3.7. When the testimony sought from the lawyer may be obtained elsewhere, he is not a necessary witness. *See, e.g.*, *Kelly v. CSE Safeguard Ins. Co.*, 2010 WL 3613872, *2 (D. Nev. Sept. 8, 2010) (citing *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994)).

Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Switch Comm's Grp. v. Ballard*, 2011 WL 3859725, *2 (D. Nev. Aug. 31, 2011) (citing *United States v. Titan Pacific Constr. Corp.*, 637 F. Supp. 1556, 1562 (W.D. Wash. 1986)); *see also United States v. River Irr. Dist.*, 2006 WL 618823, *3 (D. Nev. Mar. 10, 2006) (disqualifying an attorney is a "drastic measure"). "Courts are especially vigilant that such motions not be misused for the purpose of harassment, delay, or other tactical advantage." *Russell Road Food & Beverage, LLC v. Galam*, 2014 WL 3845424, *1 (D. Nev. July 31, 2014). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). The party seeking disqualification bears the burden of proof. *See, e.g.*, *Colyer v. Smith*, 50 F. Supp. 2d 966, 974 (C.D. Cal. 1999).

//

//

B.  Motion to Quash Subpoena

The issuance of subpoenas requiring trial testimony from non-parties is governed by Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or modify a subpoena that requires disclosure of privileged or other protected matter, or subjects a person to an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005). The movant seeking to quash a subpoena bears the burden of persuasion. *Id.*

C.  Motion for Sanctions

Parties and attorneys responsible for issuing and serving subpoenas must take reasonable steps to avoid imposing an undue burden or expense on the subpoenaed person. Fed. R. Civ. P. 45(d)(1). While Ninth Circuit case law on sanctions pursuant to Rule 45(d)(1) is not extensive, the Ninth Circuit has summarized the applicable factors:

> Merely losing a motion to compel does not expose a party to Rule 45 sanctions. Similarly, while failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions. A court may, however, impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law.

*Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (internal citations omitted). In considering Rule 45(d) sanctions, courts place "more emphasis on the recipient's burden than on the issuer's motives." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428-29 (9th Cir. 2012).

II.  ANALYSIS

This case arises out of Plaintiff's claim that his due process rights were violated by Defendants' conduct with respect to Plaintiff's loss of privileges at University Medical Center.[1] During the events at issue through which Plaintiff lost his privileges, Plaintiff's counsel (Jacob Hafter) engaged in various activities on Plaintiff's behalf, including communicating with other persons involved in that process. *See, e.g.*, Docket No. 146 at 13. Generally speaking, the issues currently before the Court relate to

---

[1] The parties are familiar with the factual and procedural background of this case, and the Court will not repeat it here.

whether Mr. Hafter should be required to testify at trial and whether he should be disqualified as counsel in light of his participation in those underlying events.

The gist of the parties' positions are as follows. Plaintiff argues that Mr. Hafter's testimony would be redundant of exhibits and testimony obtainable from other witnesses. *See, e.g.*, Docket No. 147 at 9. He also argues that disqualifying Mr. Hafter at this late stage would unfairly prejudice his ability to proceed. *See* Docket No. 155 at 11-12.[2] For their part, Defendants argue that Mr. Hafter inserted himself into the underlying process and made himself a percipient witness to significant issues in this case. Docket No. 146 at 3. Defendants specify, however, that they only intend to call Mr. Hafter for rebuttal and/or impeachment purposes and only if the circumstances require it. *See* Docket No. 158 at 2, 7; *see also* Docket No. 159 at 2 (asserting that all newly disclosed witnesses, including Mr. Hafter, will be used for impeachment only). Defendants also argue that resolution of a proposed motion *in limine* (that is not yet filed) may eliminate any need to call Mr. Hafter as a witness at trial. *See* Docket No. 156 at 2; Docket No. 158 at 8 n.20. Defendants further argue that there would be no prejudice to Plaintiff in disqualifying Mr. Hafter because Plaintiff has associated into this case an additional attorney. Docket No. 146 at 7.

Although not cited by the parties, the situation facing the Court is substantially similar to the one before Chief United States District Judge Gloria M. Navarro in *Tracey v. American Family Mutual Insurance Company*, 2010 WL 3766949 (D. Nev. Sept. 14, 2010). In that case, the plaintiff filed a motion *in limine* to preclude his attorney from being called as a witness at trial. The plaintiff's attorney had been communicating with defendant's agents during the insurance claims process. The plaintiff argued that his attorney's testimony was not essential with respect to the issues presented and the plaintiff would be prejudiced by his attorney's disqualification if he were forced to testify. *See id.* at *8. The defendant argued that the attorney's testimony was crucial to rebutting the plaintiff's assertion that he acted reasonably during the claims process and did not withhold any information. *See id.* Chief

---

[2] Plaintiff also argues repeatedly that Defendant's counsel is simply using the current dispute as a means to personally attack Mr. Hafter. *See, e.g.*, Docket No. 147 at 3. The Court rejects this assertion. There is no basis for finding that Defendants' motion to disqualify Mr. Hafter or subpoena for him to testify stem from an improper motive by Defendants' counsel.

4

Judge Navarro found that the attorney's testimony was relevant and material, but she also found that the same information could be elicited from other sources, including plaintiff himself and the witnesses who received the correspondence. *See id.* Moreover, Chief Judge Navarro found that removing plaintiff's attorney from the case would impose a hardship on the plaintiff. *See id.* Given those circumstances, Chief Judge Navarro excluded testimony from the plaintiff's attorney, but did so without prejudice to defendant seeking his testimony again later depending on the testimony received at trial. *See id.* at *9.

The Court finds a similar course of action best in this case. At this point, it is not clear whether Mr. Hafter's testimony is needed. Other witnesses are available to testify on these issues and it appears Defendant seeks Mr. Hafter's testimony only in the event there is conflicting testimony from these witnesses. Morever, the area of inquiry more generally will be the subject of a motion *in limine*. The Court is not inclined to disqualify an attorney at this late stage based on the speculation that his testimony might be sought.[3] Depending on how the presentation of evidence unfolds at trial, however, Defendants may raise this issue anew and seek a ruling requiring Mr. Hafter's testimony at that time. Similarly, because the Court is not ruling definitively herein that Mr. Hafter's testimony will be excluded, the Court declines to quash the subpoena for his trial testimony.

//
//
//
//
//
//
//
//

---

[3] Defendants also worry that, absent disqualification, Mr. Hafter may improperly provide testimony through argument as counsel. *See, e.g.*, Docket No. 158 at 2. Defendants fail to explain why that concern cannot be addressed through other means, such as an objection during trial if such conduct occurs and proper instructions to the jury. *See, e.g.*, Ninth Circuit Model Jury Instruction 1.7 ("Arguments and statements by lawyers are not evidence"). Defendants have failed to persuade the Court that such a concern warrants disqualification.

### III. CONCLUSION

For the reasons discussed above, the motion to disqualify is **DENIED** without prejudice, the motion to quash the trial subpoena is **DENIED** without prejudice, and the motion for sanctions is **DENIED**. To the extent Defendants believe that submitted evidence or trial testimony renders Mr. Hafter's testimony necessary, they may seek that testimony through an appropriate request for relief from United States District Judge Jennifer A. Dorsey, at which time the parties may renew their arguments.

**IT IS SO ORDERED.**

DATED: February 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge