<pre>
1                    UNITED STATES DISTRICT COURT
2                         DISTRICT OF NEVADA
</pre>

Richard Tate, as the Executor of the Estate of James S. Tate, Jr., M.D.,

    Plaintiff-Appellant

v.

University Medical Center of Southern Nevada,

    Defendant-Appellee

2:09-cv-01748-JAD-NJK

**Order Re: Trial Transcripts**

[ECF No. 401]

While preparing for his appeal, Richard Tate originally designated that he would order all of the trial transcripts.[1] But he changed his mind after he learned the cost and ordered only partial transcripts instead.[2] University Medical Center of Southern Nevada (UMC) relied on Tate's transcript designation for all of the transcripts.[3] The only reason UMC knew of the change was through the court reporter.[4] UMC now asks me to compel Tate to pay for the full transcript.[5] Because I find that Tate did not follow the appellate procedure for ordering transcripts, I grant UMC's motion to compel and order Tate to pay for the full transcript.

---

[1] ECF No. 385.

[2] ECF No. 401, Ex. 2.

[3] *Id.*

[4] *Id.*

[5] ECF No. 401.

**Background**

Tate sued UMC,[6] and after a nine-day trial, the jury returned a verdict for UMC.[7] Tate appeals.[8] He originally designated a full trial transcript order for the record on appeal.[9] UMC made no extra transcript requests.[10] However, when UMC asked the court reporter when the full transcripts would be available, it was informed that Tate had changed his request to partial transcripts because of the cost.[11] UMC asked Tate to file an amended designation so that it could respond.[12] UMC also filed this motion to compel Tate to pay for all of the transcripts that were originally designated.[13]

**Discussion**

**A.    Procedure for ordering transcripts**

The district court has jurisdiction over a dispute over who pays for transcripts.[14] The Ninth Circuit Rules give the district court authority to decide if added transcript requests must be paid by the appellant or the appellee.[15] To order transcripts for an appeal, the appellant must file a transcript designation and, when ordering a partial transcript, a notice specifying which

---

[6] ECF No. 1.

[7] ECF No. 376.

[8] ECF No. 378.

[9] ECF No. 385.

[10] ECF No. 401.

[11] ECF No. 401, Ex. 2.

[12] ECF No. 401, Ex. 3.

[13] ECF No. 401.

[14] FED. R. APP. P. 39(e)(2); 9th Cir. R. 10-3.1(f).

[15] 9th Cir. R. 10-3.1(e); see Randle v. Franklin, No. CV-08-00845, 2012 WL 201757, at *1 (E.D. Cal. Jan. 23, 2012).

transcripts the appellant intends to order and a statement of issues.[16] The statement of issues puts the appellee on notice of the transcripts necessary to resolve the issues on appeal.[17] The appellee can then respond and ask the appellant to order other transcripts.[18] In general, the appellant must pay for the transcripts listed by the appellant and appellee.[19] However, if the appellant believes that the appellee's requested transcripts are unnecessary, then the appellant must file a certification with the court explaining why the transcripts are unnecessary.[20] The court then decides who will pay for those transcripts.[21] Both parties must make sure that they have all of the necessary transcripts in the excerpts of record to inform the Ninth Circuit of their respective positions.[22]

**B.     Tate did not follow the Circuit's procedure.**

Although Tate originally designated that he would order all of the trial transcripts, UMC found out through the court reporter that Tate later changed his mind and ordered only partial transcripts. UMC attempted to resolve the issue by asking Tate to file an amended designation to see if the partial transcripts would be sufficient. But he never filed an amended designation, a notice, or a statement of issues.[23] Because the circuit rules require a notice and statement of issues for a partial transcript order, Tate should have filed both when he revised his order to

---

[16] 9th Cir. R. 10-3.1(a).

[17] Cir. Advisory Committee Note to 9th Cir. R. 10-3.

[18] 9th Cir. R. 10-3.1(b).

[19] 9th Cir. R. 10-3.1(e).

[20] 9th Cir. R. 10-3.1(f).

[21] *Id.*

[22] 9th Cir. R. 30-1.1(b).

[23] The only indication that UMC and I have about the issues on appeal is Tate's vague statement in response to the motion to compel that his appeal focuses "on two primary issues—the main law of the case issue, as well as many evidentiary rulings related to presentation of Dr. Tate's case in light of his death." ECF No. 402 at 3.

include only partial transcripts. UMC would then have had the opportunity to respond and ask Tate to order any extra transcripts. Then Tate could have filed a certification explaining why he thought UMC's requested transcripts were unnecessary. Instead, Tate circumvented the procedure and left UMC—the party who does not have the duty to pay for the transcripts unless the district court orders otherwise—to guess at whether partial transcripts are sufficient. Tate's failure to follow the prescribed procedure also usurped the court's ability to determine which transcripts are necessary. I therefore find that Tate must pay for the full transcript. Because UMC has already paid the court reporter a deposit of $5,664.80, Tate must reimburse UMC for that expense and any additional payment necessary to secure the full transcript.[24]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that UMC's motion to compel plaintiff to pay and arrange for transcripts **[ECF No. 401] is GRANTED.** Tate must reimburse UMC for the $5,664.80 payment that it has already made and for any additional payment that UMC is required to make to secure the final transcript once it has been completed.

DATED: September 19, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[24] The court reporter does not know the final cost until the transcript has been completed, so she requires a deposit based on her estimate of the final cost.